Arthur Gr. Klein, J.
The original complaint in this action contained a single cause seeking a decree restraining the defendant from instituting or prosecuting any proceeding in the courts of the State of Illinois or of any other State for a declaratory judgment respecting the coverage afforded to plaintiff under certain bonds, or from enjoining plaintiff from prosecuting this or any other action in this court to recover their losses. The amended complaint contains four causes. The first three are upon separate claims of loss, and the fourth supersedes the cause stated in the original complaint. Plaintiff moves for temporary injunction and the' defendant cross-moves for dismissal for insufficiency of the original complaint and of the fourth cause stated in the amended complaint.
The parties are residents of this State and both do business in other States, including the State of Illinois. The action concerns the coverage afforded under a brokers ’ liability indemnity bond and two brokers’ blanket bonds issued in New York. Damage had been sustained by customers of the plaintiff which it claimed was covered, and which defendant disputed.
This action was commenced on August 15,1958, upon a single cause for injunctive relief. However, on August 12, 1958 this *289 defendant instituted a suit against this plaintiff in the courts of the State of Illinois upon three counts resting upon the bonds in suit and seeking by each count a declaration adjudging noncoverage and an injunction against prosecution against the defendant of any suit in any court based upon the claims asserted by plaintiff. The three causes added by the amended complaint here are upon the claims in issue, which plaintiff contends are covered and defendant is obliged to pay. Clearly, each party prefers the forum to which it has resorted as a matter of right in the absence of any special circumstances to the contrary. If, as plaintiff urges, the law of New York governs the interpretation of the bonds and, accordingly, the liability of the defendant with respect to the losses sustained, that law must be applied regardless of the forum. The mere fact that one litigation precedes the other by a few days does not necessarily assure to the first a position of priority. It does appear to be sufficiently clear that litigation was instituted in the State of Illinois because of the known imminence of suit upon the bonds by the plaintiff. It is important to note, too, that were the Illinois action to proceed to judgment declaring in favor of the defendant there (the plaintiff here) the judgment would not dispose finally and fully of all issues, for thereupon the verity and extent of the claims urged under the bonds now found to cover would remain for determination. That is the purpose of the first three causes in the amended complaint here.
In all the circumstances, it seems just and proper that this defendant, as plaintiff in the Illinois action, be not restrained as requested, but defendant is restrained from endeavoring to seek in its action any restraint against the prosecution of the first three causes stated in the amended complaint. The motion for temporary injunction is granted accordingly. The cross motion is denied.
Settle order.